W. H. Bradford v. James Hamilton and others.

April Term, 1877.

Master's sale — Opening biddings after a resale confirmed. — After the biddings at a master's sale have once been opened, a resale had, and the sale confirmed without objection, the biddings will not again be opened at the instance of the owner of the property, who was present at the resale, upon a mere offer of an advance of ten per cent on the previous bid.

*J. B. White*, for complainant.
*N. S. Brown*, for defendants.

The Chancellor : — Under a decree in this cause, a tract of land was sold on December 20, 1876, and bid off by the complainant. The biddings were opened at this term, upon an advance on the price of ten per cent by W. H. Prewett, the period fixed for closing the biddings being four o'clock, P. M., on June 26th. On that day, and before the hour fixed, complainant and Prewett met in the office of the clerk and master, and, after a spirited bidding between them, Prewett became the last, highest, and best bidder, at $5,500. The proof shows that when this bid was made by Prewett, complainant remarked that he would make no further bid, and added, jocularly, when he, Prewett, made any thing on the place at his bid, he must let him know about it. The sale thus made was reported and confirmed without objection. Afterwards, complainant filed a petition asking that the biddings be again opened, offering an advance of ten per cent, or $550, on the last bid.

The decree of confirmation of the resale is under the control of the court, and may, at any time during the term, be set aside, and the biddings be again opened on sufficient cause shown. I so held at the last term, in the case of *Mayo* v. *Harding* (*supra*, p. 237), where the application was by a married woman, whose next friend had neglected her interests, and the advance offered was twenty-five per cent on the previous bid; and at this term, in the case of *Vaughn* v. *Smith*, where the applicant was the original purchaser, and failed to see the notice of resale. I stated in my opinion in the first of these cases that I considered the rule to be, that when biddings had once been opened and a resale made, the biddings would not again be opened except under extraordinary circumstances. *Click* v. *Burrus*, 6 Heisk. 539. Of course, the difficulty would be increased by a confirmation of the resale. After such confirmation, something more is required than a mere advance of bid; unless, indeed, the advance is so great as to render it inequitable to refuse the application. *Mound City Life Ins. Co.* v. *Hamilton* (*supra*, p. 228). A mere advance of ten per cent by a person who was present, and had the opportunity of purchasing at the resale, would not be sufficient.

Although I am of opinion, and have so held, that it is allowable to open biddings upon the offer of a higher price alone, if the advance be so considerable as to furnish a sufficient inducement, under all the circumstances, to a resale of the property (*Atkison* v. *Murfree*, 1 Tenn. Ch. 51); and although our Supreme Court have gone further, and held that the biddings should be reopened in all cases on an advance of ten per cent (*Click* v. *Burrus*, 6 Heisk. 539); and although the rule thus enunciated has worked well in this chancery district, — yet there is grave doubt, as I learn from other chancellors, whether the practice has proved beneficial over the entire state. The tendency has been to deter bidders, who do not wish to go to the trouble

of complying with the terms of sale unless they have some assurance of securing the property. I am inclined to think the rule ought to be modified, either by requiring a larger advance or by limiting the right to open the biddings to persons who show an excuse for not bidding at the original sale. It is especially hard upon a purchaser to have his purchase set aside at the instance of one who was present at the sale, and neglected to avail himself of the opportunity then offered. It would be ruinous to chancery sales if it were understood that the same liberality in opening the biddings would be extended to such a person after the confirmation of a resale. I do not understand the rule to have gone that far, and I am unwilling so to extend it.

The application is disallowed.

NOTE. — Affirmed on appeal.